UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES SINGLETARY,              )
                                 )
            *Plaintiff,*          )
                                 )
        v.                       )     Civil Action No. 09-752 (CKK)
                                 )
DISTRICT OF COLUMBIA,            )
                                 )
            *Defendant.*          )

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3(d) AND PROPOSED SCHEDULING ORDER

Pursuant to LCvR 16.3(c) and the Court's order of February 19, 2010, the parties submit this Joint Report pursuant to LCvR 16.3(c).

Counsel for the parties conferred on March 19, 2010. Participating in the conference were Neal Goldfarb and Stephen Leckar on behalf of Plaintiff, and Heather Skeeles-Shiner, Assistant Attorney General, on behalf of Defendant.

### Statement of the Case

**Plaintiff's statement of the case.**

This is an action for damages under 42 U.S.C. § 1983, based on the District of Columbia's violation of the plaintiff's right to due process.

In 1996, plaintiff Charles Singletary had been on parole for approximately six years in connection with a prior criminal conviction. In July of that year, the District of Columbia Parole Board (the District's final policymaker with regard to parole-revocation decisions) revoked Singletary's parole based on unreliable multiple hearsay to the effect that he had committed a murder. In reality, Singletary was innocent of any involvement in that crime. As a result of this ruling, Singletary was imprisoned for ten years, several of

which were spent in a "supermax" facility in Virginia. In July 2006 the D.C. Circuit held

that Singletary had been denied due process at his parole-revocation hearing and that he

was entitled to *habeas corpus* relief.[1] A new revocation hearing was held, resulting in a

determination that there was no finding of a violation, and Singletary was restored to

parole. Singletary now seeks to hold the District liable for the ten years of imprisonment

that resulted from the D.C. Parole Board's violation of his Fifth Amendment rights.

>   **Defendant's statement of the case.**

This case involves allegations by Plaintiff that his parole was improperly revoked

by the now-defunct District of Columbia Parole Board, and as a result he spent an

additional ten years in prison.  Plaintiff seeks to hold the District liable for the actions of

the parole board.  The District denies liability in this case.

>   **Rule 16.3 Statement**

>   **1.   Dispositive Motions.**

Plaintiff believes that the issue of liability will most likely be able to be resolved

upon motion for summary judgment, but that the issue of damages will have to be tried.

Defendant District believes that this case may be able to be resolved in whole or

in part by dispositive motion.

>   **2.   Date for joining parties or amending pleadings; the possibility of
>   narrowing the issues.**

The parties do not believe at this time that any additional parties will be joined, or

that the pleadings will need to be amended. However, the parties agree that the deadline

amendment to the pleadings should be May 14, 2010.

---

1.   *Singletary v. Reilly*, 452 F.3d 868 (D.C. Cir. 2006).

The parties will explore the possibility of narrowing the issues after discovery has been completed.

**3.   Assignment to a Magistrate Judge**

The parties do not agree to have the case assigned to a Magistrate Judge for all purposes.  The parties agree to have discovery matters referred to a Magistrate Judge.

**4.   Possibility of settlement.**

It is unclear at this point whether settlement is a realistic possibility.

**5.   Alternative Dispute Resolution.**

The parties would agree to mediation after discovery closes.

**6.   Date for Dispositive Motions.**

The parties agree that the deadline for dispositive motions should be August 12, 2010. Oppositions should be due 30 days after service of the motion, and reply memoranda should be due 14 days after service of the opposition.

**7.   Initial Disclosures.**

The parties agree to exchange their Initial Disclosures by May 14, 2010. No changes in the scope or form of Initial Disclosures are necessary.

**8.   Discovery.**

The parties agree that discovery should close on July 13, 2010.

The parties are not aware at this time of any issues that relate to the disclosure or discovery of electronically stored information.

The parties do not currently anticipate any need for a protective order.  However, the District reserves its right to seek protective orders should it determine the need to do so.  .

The parties have agreed that following limitations on discovery will apply:

| | |
|---|---|
| Depositions: | No more than 5 nonparty fact-witness depositions per side. |
| Interrogatories: | Plaintiff suggests no more than 15 per side<br>Defendant suggests no more than 20 per side |
| Requests for Admission: | No more than 20 per side (not including requests as to authenticity of documents) |

**9.  Expert witnesses.**

The parities agree that the deadline for proponent's expert-witness reports should be May 21, 2010. The deadline for the opposing party's expert report should be June 21, 2010.  Plaintiff's treating physician, if any, shall not be considered an expert witness for matters as to which s/he treated Plaintiff.

**10.   Class-action issues.**

Not applicable.

**11. Bifurcation of discovery and/or trial.**

The parties do not believe that either discovery or trial should be bifurcated. However, the District reserves its right to seek bifurcation should it determine to do so.

**12. Date for Pretrial Conference.**

The parties agree that the Court set the pretrial date at the earliest practical date after the disposition of any dispositive motions.

**13. Scheduling Trial Date.**

Plaintiff requests that a trial date be set at the time of the Initial Conference.

Defendant requests that the trial date be set at the time of the pretrial conference.

A proposed Order is attached for the Court's consideration.

Respectfully submitted,

Steven R. Kiersh, No. 323329
skiersh@aol.com
5335 Wisconsin Ave., N.W., Suite 440
Washington, D.C. 20015
(202) 347-0200

Edward C. Sussman,  No. 174623
Suite 900, South Building
601 Pennsylvania Avenue N.W., Washington,
D.C. 20004
(202) 737-7110
edwardsussman@yahoo.com

/s/ Stephen C. Leckar
Stephen C. Leckar, No. 281691
steve@s-plaw.com
Shainis & Peltzman, Chartered
1850 M St., NW, Suite 240
Washington, DC 20036
(202) 742-4242

/s/ Neal Goldfarb
Neal Goldfarb, No. 337881
ngoldfarb@ButzelTP.com
Butzel Long Tighe Patton, PLLC
1747 Pennsylvania Ave., NW, Suite 300
Washington, D.C. 20006
(202) 454-2826

*Counsel for Plaintiff Charles Singletary*

PETER J. NICKLES
Attorney General for the District of  Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Patricia A. Jones*
PATRICIA A. JONES (428132)
Chief, General Litigation Section IV

*/s/ Heather Skeeles-Shiner*
HEATHER R. SKEELES-SHINER (989378)
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, D.C.  20001
Direct Line: (202) 442-9845; (202) 727-6295
Facsimile: (202) 727-6295

*Counsel for Defendant*