## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>CHARLES SINGLETARY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>DISTRICT OF COLUMBIA,  )<br>)<br>Defendant.  )<br>_____) | Civil Action No. 09-0752 (ABJ) |

## MEMORANDUM OPINION

Defendant District of Columbia moves the Court to reconsider its decision denying the District's motion for summary judgment and granting plaintiff Charles Singletary's cross-motion for partial summary judgment on the issue of liability. *Singletary v. District of Columbia*, --- F. Supp. 2d ---, 2011 WL 3268093 (D.D.C. August 1, 2011); [Dkt. # 41]. For the reasons set forth below, the Court will deny the District's motion for reconsideration.

## STANDARD OF REVIEW

The District moves for reconsideration under Fed. R. Civ. P. 54(b), which governs reconsideration of orders that do not constitute final judgments in a case. Fed. R. Civ. P. 54(b). Relief under Rule 54(b) is available "as justice requires," which "amounts to determining, within the court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Generally, "a court will grant the motion only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order."

*Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (internal quotation marks and citations omitted).  None of those circumstances are present here.

## ANALYSIS

Although the Court set out the factual background of this case in great detail in both of its previous opinions, the essential facts for purposes of this motion include the following: plaintiff Charles Singletary was released on parole after serving more than seven years of his sentence. Singletary Decl. ¶ 2.  Five years later, he was arrested as an alleged participant in murder but the charges were dropped at the preliminary hearing, and he was never indicted by a grand jury. *Id*. ¶ 4.  Nonetheless, the District of Columbia Board of Parole revoked his parole based on unreliable hearsay evidence, sending him back to prison for ten more years.  *Id*. ¶¶ 6–8.  After plaintiff filed numerous habeas corpus petitions in both state and federal court, the U.S. Court of Appeals for the District of Columbia granted relief by holding that the Board's decision was based on such a "shoddy" record that it violated Singletary's constitutional right to due process. *Singletary v. Reilly*, 452 F.3d 868, 869 (D.C. Cir. 2006).

The District makes two arguments in support of its motion.  First, the District maintains that there was no constitutional violation that could serve as the predicate for §1983 liability – that the D.C. Circuit did not actually hold that the Board deprived Singletary of his constitutional right to due process under the Fifth Amendment.  Def.'s Mem. at 7; Def.'s Reply at 7 (referring to D.C. Circuit ruling as finding an "evidentiary error").  This argument is so obviously at odds with the record that it was categorically rejected by the Court on two previous occasions. *Singletary*, 685 F. Supp. 2d 81, 93 (D.D.C. 2010); *Singletary*, 2011 WL 3268093, at * 13, n. 2.

The District asserts that the D.C. Circuit's decision was merely an "evidentiary ruling" that concluded that the "Parole Board's hearing process was flawed insofar as the Board relied

on multi-layered hearsay." Def.'s Mem. at 4.  This is such a mischaracterization that it troubles the Court that the District's attorneys would make it once, much less three times.  Has the Attorney General's office failed to read the D.C. Circuit's opinion?  Or is it simply unaware of what an "evidentiary ruling" consists of?  An evidentiary ruling is a decision concerning the admission or exclusion of evidence.  In Singletary's case, the Court of Appeals stated explicitly that it was *not* overturning the Board's decision because it was based on hearsay.  *Singletary*, 452 F.3d at 875.  Rather, it held that "the government had not established that the hearsay evidence deemed adequate by the Board was sufficient in reliability to ensure fundamental due process rights."  *Id.* at 874 (internal quotation marks omitted).

Second, the District argues that the pre- and post-deprivation remedies available to Singletary, including the parole revocation hearing itself and the subsequent habeas corpus proceedings, satisfied his due process rights under the Fifth Amendment.[1]  Def.'s Mem. at 6. The Court is not persuaded by this argument.  The ability to obtain a ruling declaring that one's rights were violated ten years before does not alter the fact that those rights were violated in the first place – the Constitution demands due process *before* an individual may be divested of his liberty.

It is true that in certain circumstances, post-deprivation procedures may be considered adequate to satisfy the requirements of due process, *see Sloan v. HUD*, 231 F.3d 10, 19 (D.C. Cir. 2000) (procedures made available to suspended government contractors under agency

---

[1]     The first argument in the District's motion for reconsideration is simply a rehash of an argument previously rejected, and the second advances a new theory of that should have been raised earlier.  *See Estate ex rel. Gather v. District of Columbia*, 771 F. Supp. 2d 5, 10 ("In this Circuit, it is well-established that motions for reconsideration, whatever their procedural basis, . . . cannot be used . . . as a vehicle for presenting theories or arguments that could have been advanced earlier.") (internal quotation marks and citations omitted).  The Court could, then, deny the motion on that basis alone.

regulations deemed "more than enough" to satisfy the requirements of procedural due process"), but those precedents do not govern this case.   In *Sloan,* HUD contractors received a notice of suspension and intended debarment in August of 1995, and after being placed on notice of the grounds for the action, they were accorded a full hearing before an ALJ who rejected the government's allegations a year later.   *Sloan*, 231 F.3d at 11.   Singletary received no such full and prompt review, so the Court finds the language in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1983), to be more instructive.   In that case, in which state procedures eliminated a plaintiff's right to a hearing to challenge his unlawful termination, the Supreme Court held that a post-deprivation hearing was "constitutionally inadequate" because the only process available to plaintiff was an independent tort action that was "apt to be a lengthy and speculative process" and "will never make the complainant entirely whole[.]"   *Logan*, 455 U.S. at 436–37.   Singletary pursued habeas relief for ten years after his parole was revoked, his chances of success were highly unpredictable given that he was unrepresented by counsel at the start, and, as he observes, "any process that provides relief only after the petitioner has spent ten years in prison does not even begin to make him whole."   Pl.'s Opp. at 10.   The Court will therefore deny the District's motion.

AMY BERMAN JACKSON
United States District Judge

DATE:  October 7, 2011